## SCHNEIDER *v.* LOVELL and another.*

*(Circuit Court, S. D. New York.   February 10, 1882.)*

1. LETTERS PATENT—SHADE-HOLDERS FOR LAMPS—CONSTRUCTION OF.
   Reissue 7,511, granted to B. B. Schneider, February 13, 1877, for an "improvement in shade-holders for lamps," *held* to be limited to the particular form of shade shown in the drawings, as nothing is said in the specification or claims as to the shape or size or proportion of the parts of the shade.

*Gifford & Gifford,* for plaintiff.

*J. P. Fitch,* for defendants.

BLATCHFORD, C. J.   This suit is brought on reissued letters patent No. 7,511, granted to the plaintiff, February 13, 1877, for an "improve-

*Reported by S. Nelson White, Esq., of the New York bar.

ment in shade-holders for lamps;" the original patent, No. 182,973, having been granted to Carl Votti, as inventor, October 3, 1876. The specification of the reissue says:

"My invention relates to lamps, and it consists in a transparent shade-holder, or holder of a material allowing the passage of light and shade, or globe, so annexed that an ordinary lamp-burner can be used without a chimney, as will be hereinafter more fully set forth. In the annexed drawing, figure 1 is a vertical section of my invention. Figure 2 is a plan view of the shade-holder. A represents an ordinary lamp-burner, provided with a circumferential flange, *a*, for the support of the cone, *b*, and which, ordinarily, also serves to support the chimney or cylinder. This flange is provided with suitable perforations, through which air is admitted both inside and outside of the cone. Instead of using the flange, *a*, for the support of the ordinary chimney, I place on the same my shade-holder, *b*, which is made of glass or other suitable transparent material, or material that will allow of the passage of light and which is provided with a tubular extension or socket, *c*, that fits over the cone, *b*, leaving an air space between its inner surface and the outer surface of said cone. From said socket extends a broad dish-shaped flange, *d*, which is provided with a rim, *e*, and which serves to support and retain the shade, C. The flange, *d*, is perfectly closed, so that no air will pass to the flame except what is admitted through the perforations in the burner-flange, *a*, and by these means I am enabled to produce a bright flame without the use of an ordinary chimney or cylinder. The advantage of this arrangement will be apparent, since it allows of keeping the burner clean, and of trimming the wick without difficulty, and the annoyance of broken chimneys is avoided. It will be seen that with the shade-holder and shade annexed, as shown and described, the ordinary burner will perform the required functions without the use of a chimney. I am well aware that transparent shade-holders are of themselves not new; hence I do not claim such, broadly, as being my invention."

The claims of the reissue are as follows:

"(1) In a lamp having a burner, the combination of a shade-holder made of material that will admit of the passage of light, and a shade or globe arranged and constructed substantially as described, whereby the burner performs the required functions without the use of a chimney, as set forth. (2) The shade-holder, B, constructed of material that will admit of the passage of light, and provided with a downwardly-extending socket, *c*, and dish-shaped flange, *d*, with rim, *e*, in combination with a globe or shade, C, and burner, A, of a lamp, as and for the purposes herein set forth. (3) The combination in a lamp of the burner, A, having perforated flange, *a*, and cone, *b*, the shade-holder, B, with central socket, *c*, and a shade or globe, C, substantially as and for the purposes herein set forth."

One of the defences set up in the answer is that, in the specification of the reissue, there is not given, as required by the statute, a description of the invention, and of the process of making, construct-

ing, and using it, in such full, clear, and exact terms as to enable any person skilled in the art or science to which it appertains to make, construct, and use the same; nor is there explained in or by said specifications the principle of the alleged invention, and the best mode in which said Votti has contemplated applying that principle, so as to distinguish it from other inventions, and that, therefore, the patent is void.

In the specification nothing is said as to the shape or size of the parts, or proportion of the parts, of the shade, C. Nothing is said about it except to call it a globe or shade, and to designate is as C, by a letter of reference to the drawings. Nothing is said as to the diameter of the contraction at the narrowest part of it, near its top, as compared with the diameter of the socket, $c$, of the shade-holder; and nothing as to its height, or as to the degree of flare of the shade-holder. These things are shown by the evidence to be material in constructing an arrangement of the kind, which will give as good a light as with the use of a chimney. The object of the arrangement is stated in the specification to be to use an ordinary burner, without a chimney, and to dispense with the ordinary chimney. This can only mean that as good a light is to be produced without as with a chimney. The meaning of the words "a bright flame," in their contest, is, as bright a flame as the chimney will produce. The meaning of the expression, that "the ordinary burner will perform the required functions without the use of a chimney," is that the ordinary burner will give as much light without the use of a chimney. This is to be done by having "the shade-holder and shade arranged as shown and described," yet the features of construction, and shape and size and proportions of the shade, are not set forth. So, too, in claim 1, "a shade or globe arranged and constructed substantially as described," is spoken of, yet nothing is described as to the construction of the shade. It is true that, by looking at C, in the drawings, a shade of a certain form' is shown. But the drawings are not said to be on a scale. Looking at the drawings, and making a shade from them, gives but one form of shade, at most, and there is no statement of the principle which is to govern the construction of the shade as to size and proportions. It is shown that a shade made, as nearly as can be ascertained, of the form and proportions shown in the drawings, will cause the burner to give light to some degree, but by no means to the same degree as the ordinary chimney will with the same burner. It is not the shade of the drawings that has been made and sold by the plaintiff under the patent,

nor have the defendants made or sold the shade of the drawings. To reach the shades of either the plaintiff or the defendants, required experiment, adaptation, and invention beyond anything shown in the drawings. Construing the patent as covering a shade of the form and dimensions and size and height and proportions shown in the drawings, no such shade has been made or sold by the defendants; and so there has been no infringement. This is the most favorable view which can be taken of the patent.

The bill is dismissed, with costs.